**NOT FOR PUBLICATION**


**FILED**

JUN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRRY ALEXANDER MOLINA RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   16-73926 <br><br> Agency No. A073-846-351 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2022**
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Henrry Alexander Molina-Rodriguez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's denial of his applications for asylum,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations set forth in the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010); *see also Alam v. Garland*, 11 F.4th 1133, 1136–37 (9th Cir. 2021) (en banc). We deny the petition for review.

1.      Considering the totality of the circumstances, *see Alam*, 11 F.4th at 1137, substantial evidence supports the agency's adverse credibility determination. The agency's determination is supported by the inconsistencies and non-trivial omissions between Molina-Rodriguez's written statement and his testimony. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011) (denying petition for review when declaration and testimony portrayed "a much different—and more compelling—story of persecution than [the] initial application"). Molina-Rodriguez's withdrawal of a prior asylum application and voluntary return to El Salvador are also substantial evidence in support of the adverse credibility finding. *See Loho v. Mukasey*, 531 F.3d 1016, 1018–19 (9th Cir. 2008) (holding that evidence that the petitioner voluntarily returned to her home country and "took minimal steps to investigate the availability of some means of avoiding a return to the country she claim[ed] to have feared," supported an adverse credibility finding); *see also Cui v. Holder*, 712 F.3d 1332, 1337 (9th Cir. 2013) (holding that the petitioner's "ability

2

to travel to Mexico, his lack of efforts to then enter the United States, and his voluntary decision to return to China . . . undermine[d] his assertions that he feared persecution" and supported an adverse credibility determination). Molina-Rodriguez's evasiveness and non-responsiveness identified by the agency also support that determination.[1] *See Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (explaining that when the agency identifies "the instances where the petitioner is non-responsive," non-responsive testimony may support an adverse credibility determination).

2.    The agency did not err in concluding that Molina-Rodriguez failed to satisfy his burden of proving eligibility for asylum and the higher standard for eligibility for withholding of removal. In the absence of credible testimony or other evidence to meet his burden, Molina-Rodriguez's asylum and withholding of removal claims fail. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

3.    Substantial evidence also supports the agency's denial of CAT relief because Molina-Rodriguez's CAT claim was based on the same testimony the agency found not credible. The agency also reasonably determined that, without the support of any credible testimony, the country conditions evidence Molina-

---

[1] Molina-Rodriguez does not challenge the reliance on his demeanor to support the adverse credibility determination. Thus, he waived review of this aspect of the adverse credibility determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (explaining that issues not specifically raised and argued in a party's opening brief are waived); Fed. R. App. P. 28(a)(8)(A).

3

Rodriguez presented did not meet his burden to establish eligibility for CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (concluding that evidence of generalized violence and crime in Mexico was not particular to petitioner and did not satisfy the petitioner's burden). Molina-Rodriguez points to no other evidence in the record that compels the contrary conclusion.

**PETITION FOR REVIEW DENIED.**